THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC. and ABILIO JAMES ACOSTA,<br><br>           Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; JOHN F. KELLY, in his official capacity as Chief of Staff to the President of the United States; WILLIAM SHINE, in his official capacity as Deputy Chief of Staff to the President of the United States; SARAH HUCKABEE SANDERS, in her official capacity as Press Secretary to the President of the United States; the UNITED STATES SECRET SERVICE; RANDOLPH ALLES, in his official capacity as Director of the United States Secret Service; and JOHN DOE, Secret Service Agent, in his official capacity,<br><br>           Defendants. | Case No.<br><br>**EMERGENCY HEARING REQUESTED FOR TODAY OR TOMORROW** |

## **PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiffs Cable News Network, Inc. ("CNN") and Abilio James ("Jim") Acosta hereby request, pursuant to Fed. R. Civ. P. 65(b) and Local Rule 65.1, that this Court issue a temporary restraining order requiring Defendants to rescind the revocation of Mr. Acosta's White House press credentials and immediately restore Mr. Acosta's credentials to him. Alternatively, Plaintiffs request that this Court, at a minimum, require Defendants to restore Mr. Acosta's credentials pending due process, including but not limited to a formal written explanation of Defendants' justification as to why the pass is being suspended and an opportunity for Mr. Acosta to respond to those allegations before a neutral arbiter, in advance of any revocation.

A temporary restraining order is warranted here.  Plaintiffs are likely to succeed in establishing that Defendants have violated, and continue to violate, Plaintiffs' rights under the First and Fifth Amendments of the U.S. Constitution and the Administrative Procedure Act.  The law is clear:  As the D.C. Circuit has held, "the protection afforded newsgathering under the first amendment guarantee of freedom of the press requires that this access [to White House press facilities] not be denied arbitrarily or for less than compelling reasons."  *Sherrill v. Knight*, 569 F.2d 124, 129 (D.C. Cir. 1977).  And "notice . . . of the factual bases for denial [of access to White House press facilities] with an opportunity to rebut is a minimum prerequisite for ensuring that the denial is . . . [not] based on arbitrary or less than compelling reasons."  *Id*. at 131.  The government complied with none of these safeguards here, stripping Acosta of his credentials and White House access with no process whatsoever, in violation of the First Amendment and the Due Process Clause.

The harm is immediate and ongoing.  Due to the exigency of the circumstances and the irreparable nature of the injury the temporary restraining order would prevent, Plaintiffs request a hearing on their temporary restraining order on Tuesday, November 13, 2018, and no later than Wednesday, November 14, 2018.  The Defendants continue to violate Plaintiffs' rights.  For example, on the Sunday after Defendants revoked Acosta's credentials, the Defendants denied him access to cover the "open" press event during the President's trip to France on the one hundredth anniversary of the end of World War One even though Acosta was present and had a French government-issued press pass.  Every day that passes without Acosta regaining his press credentials is a concrete injury.  *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("The loss of First Amendment 'freedoms' . . . unquestionably constitutes irreparable injury.");

*Pursuing Am.'s Greatness v. Fed. Elec. Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016) (First Amendment violations "for even minimal periods of time" constitute irreparably injury).

      This Court should issue a temporary restraining order to preserve the rights of the parties pending a resolution of this matter on the merits.  As explained at greater length in the accompanying memorandum, the balance of equities and the public interest favors granting the temporary restraining order.  Plaintiffs therefore request that this Court issue an temporary restraining order immediately requiring Defendants to rescind the revocation of Acosta's press credentials and restore them to him until Plaintiffs' motion for a preliminary injunction is decided.

Dated: November 13, 2018

Respectfully submitted,

_____
Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Ave.,
Los Angeles, California 90071
Tel:  (213) 229-7804
tboutrous@gibsondunn.com

Theodore B. Olson (D.C. Bar No. 367456)
Joshua S. Lipshutz (D.C. Bar No. 1033391)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  (202) 955-8688
tolson@gibsondunn.com
jlipshutz@gibsondunn.com

Anne Champion (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Tel:  (212) 351-5361
achampion@gibsondunn.com

*Counsel for Plaintiffs Cable News Network, Inc., and Abilio James Acosta*