THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CABLE NEWS NETWORK, INC. and ABILIO JAMES ACOSTA,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; JOHN F. KELLY, in his official capacity as Chief of Staff to the President of the United States; WILLIAM SHINE, in his official capacity as Deputy Chief of Staff to the President of the United States; SARAH HUCKABEE SANDERS, in her official capacity as Press Secretary to the President of the United States; the UNITED STATES SECRET SERVICE; RANDOLPH ALLES, in his official capacity as Director of the United States Secret Service; and JOHN DOE, Secret Service Agent, in his official capacity,<br><br>    Defendants. | Case No. |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiffs Cable News Network, Inc. ("CNN") and Abilio James ("Jim") Acosta hereby request, pursuant to Fed. R. Civ. P. 65(a) and Local Rule 65.1, that this Court issue a preliminary injunction requiring Defendants to rescind the revocation of Acosta's White House credentials and restore Acosta's credentials to him. Alternatively, Plaintiffs request that this Court, at a minimum, issue a preliminary injunction requiring Defendants to restore Acosta's credentials pending due process, including but not limited to a formal written explanation of Defendants' justification for the revocation and an opportunity for Acosta to respond to those justifications, in advance of any revocation.

A preliminary injunction is warranted here.  Plaintiffs are likely to succeed in establishing that Defendants have violated, and continue to violate, Plaintiffs' rights under the First and Fifth Amendments of the U.S. Constitution and the Administrative Procedure Act.  The law is clear: As the D.C. Circuit has held, "the protection afforded newsgathering under the first amendment guarantee of freedom of the press requires that this access [to White House press facilities] not be denied arbitrarily or for less than compelling reasons."  *Sherrill v. Knight*, 569 F.2d 124, 129 (D.C. Cir. 1977).  And "notice . . . of the factual bases for denial [of access to White House press facilities] with an opportunity to rebut is a minimum prerequisite for ensuring that the denial is . . . [not] based on arbitrary or less than compelling reasons."  *Id*. at 131.  The government complied with none of these safeguards here, stripping Acosta of his credentials and White House access with no process whatsoever, in violation of the First Amendment and the Due Process Clause.

The harm is immediate and ongoing.  Due to the exigency of the circumstances and the irreparable nature of the injury the temporary restraining order would prevent, Plaintiffs request a hearing on their motion for a preliminary injunction on Tuesday, November 13, 2018, and no later than Wednesday, November 14, 2018.  The Defendants continue to violate Plaintiffs' rights.  For example, on the Sunday after Defendants revoked Acosta's credentials, the Defendants denied him access to cover the "open" press event during the President's trip to France on the one hundredth anniversary of the end of World War One even though Acosta was present and had a French government-issued press pass.  Every day that passes without Acosta regaining his press credentials is a concrete injury. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("The loss of First Amendment 'freedoms' . . . unquestionably constitutes irreparable

injury."); *Pursuing Am.'s Greatness v. Fed. Elec. Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016) (First Amendment violations "for even minimal periods of time" constitute irreparably injury).

This Court should issue a preliminary injunction to preserve the rights of the parties pending a resolution of this matter on the merits. As explained at greater length in the accompanying memorandum, the balance of the equities and the public interest favor granting an injunction. Plaintiffs therefore request that this Court issue an injunction requiring Defendants to rescind the revocation of Acosta's credentials and restore them to him, or, at a minimum, to restore Acosta's credentials until Defendants afford him appropriate process.

Dated: November 13, 2018

Respectfully submitted,

_____
Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Ave.,
Los Angeles, California 90071
Tel: (213) 229-7804
tboutrous@gibsondunn.com

Theodore B. Olson (D.C. Bar No. 367456)
Joshua S. Lipshutz (D.C. Bar No. 1033391)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8688
tolson@gibsondunn.com
jlipshutz@gibsondunn.com

Anne Champion (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Tel: (212) 351-5361
achampion@gibsondunn.com

*Counsel for Plaintiffs Cable News Network, Inc., and Abilio James Acosta*