**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC. and ABILIO JAMES ACOSTA,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; JOHN F. KELLY, in his official capacity as Chief of Staff to the President of the United States; WILLIAM SHINE, in his official capacity as Deputy Chief of Staff to the President of the United States; SARAH HUCKABEE SANDERS, in her official capacity as Press Secretary to the President of the United States; the UNITED STATES SECRET SERVICE; RANDOLPH ALLES, in his official capacity as Director of the United States Secret Service; and JOHN DOE, Secret Service Agent, in his official capacity,<br><br>    Defendants. | Case No.:  1:18-CV-2610 (TJK) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT AND MOTION FOR A THREE-HOUR EXTENSION**

On the evening of Friday, November 16, 2018, this Court ordered the parties to file a "joint status report proposing how they would like to proceed in this case" by 3pm today.  Minute Order (Nov. 16, 2018).  Should the parties not be able to come to an agreement, they were still required to make their separate statements in that joint filing.  *See* Oral Ruling Tr. 17 8:11, ECF No. 28-1.  This morning, at 8:05 am, plaintiffs ignored this Court's order, and instead filed a separate status report and "request for an emergency briefing schedule and hearing on plaintiffs' motion for a preliminary injunction."  Pls.' Status Report, ECF No. 23.  They did so unilaterally, without any consultation or conferral as required by LcVR 7(m) or this Court's order.

1

There is no basis for plaintiffs to disregard this Court's express instructions and the local rules. As Plaintiffs note in their status report, the White House has made the "preliminary decision" to suspend Mr. Acosta's hard pass. ECF No. 23-2. But as Plaintiffs also acknowledge, that "preliminary decision" is only the first step in a process contemplated by this Court in entering the TRO, as Mr. Acosta had the opportunity to respond to that decision in writing (which he did yesterday), ECF No. 23-3, and the White House will not make a final determination until 3pm this afternoon at the latest, *see* ECF No. 23-2. Mr. Acosta "will continue to maintain [his] hard pass while the Temporary Restraining Order issued on November 16, 2018, remains in effect." *Id.* In other words, regardless of any decision the White House may make, Mr. Acosta will maintain his hard pass until at least Friday, November 30, 2018, or until further order of this court dissolving the temporary restraining order.

Far from constituting an "emergency," the White House's initiation of a process to consider suspending Mr. Acosta's hard pass is something this Court's Order anticipated. As the Court put it: "[I]f, at some point after restoring the hard pass, the Government would like to move to vacate the restraining order on the grounds that it has fulfilled its due process obligations, then it may, of course, do so and I will promptly address that and then the remaining bases for the TRO." Oral Ruling Tr. 15 1:6, ECF No. 28-1. So far, the White House has taken only the first step in fulfilling the due process obligations this Court imposed; it has not yet made a final determination, much less sought relief from the Court's TRO. There was therefore no need to file a self-styled "emergency" motion in the absence of the consultation required by this Court's Order and the Local Rules.[1]

---

[1] Indeed, had plaintiffs not filed unilaterally, defendants would have proposed to them that they jointly file a motion to extend the joint status report deadline until 6pm today, to allow the parties to consider their positions in light of whatever the White House's final response would be.

Not only is there no "emergency" right now, it is impossible to know at this point whether next steps are necessary, much less what those steps should be. The White House has made no final determination on Mr. Acosta's "hard pass" and currently anticipates making that decision by 3pm today. ECF No. 23-2. It does not make sense to set a schedule until that final determination is made, as the substance and timing of any briefing is entirely contingent on the White House's decision.

Accordingly, Defendants request that this Court extend their deadline by three hours, from 3pm to 6pm, so that they may advise the Court of their position in light of the White House's final determination. Until that final White House response has been provided, any proposed schedule is premature. Pursuant to LcVR 7(m), defendants have consulted with plaintiffs about extending defendants' deadline to file a status report until 6pm today, and plaintiffs report that they "take no position on when Defendants file their status report, as long as it doesn't delay Defendants' PI opposition filing tomorrow or the PI hearing next week."

Dated: November 19, 2018 	Respectfully submitted,

 JOSEPH H. HUNT
Assistant Attorney General

JAMES BURNHAM
Deputy Assistant Attorney General

ERIC R. WOMACK
Assistant Branch Director

<u>/s/ *Joseph E. Borson*</u>
MICHAEL H. BAER (NY Bar No. 5384300)
JOSEPH E. BORSON (Va. Bar No. 85519)
Trial Attorneys, U. S. Dept. of Justice
Civil Division, Federal Programs Branch
1100 L St., NW
Washington, D.C. 20005
Tel.     (202) 514-1944
Michael.H.Baer@usdoj.gov
Joseph.Borson@usdoj.gov

*Attorneys for Defendants*